## WHITSON v. UNITED STATES.

### No. 9694.

Circuit Court of Appeals, Ninth Circuit.

Oct. 16, 1941.

Milton M. Cohen and Alfred F. MacDonald, both of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The appellant was convicted by a court sitting with a jury of violating the Federal mail fraud statute, Section 338, Title 18 United States Code Annotated. The indictment contained three counts (the first of which was thereafter dismissed) in each of which it is alleged that the defendant appellant having devised a scheme and artifice to defraud "the Catholic Welfare Society, Monsignor Thomas J. O'Dwyer, St. Boniface's Orphanage, Rev. Gerard Brenneke, and divers other persons to the grand jurors unknown", made unlawful use of the United States mails for the purpose of executing said fraudulent scheme.

The sole question presented by this appeal is the sufficiency of the evidence to support the verdict of guilty. No question is raised as to the sufficiency of the evidence to support a finding that the mails were in fact used by the defendant for the purpose of executing his plan, or that fraudulent misrepresentations were made as a part of the attempted execution of the plan, the claim of insufficiency resting entirely on the appellant's argument that no fraudulent scheme was proved.

It appears from the evidence that the defendant attempted to obtain from the organizations involved a contract under which the organizations would agree to employ the defendant for a period of 14 years to conduct a campaign to raise money. The proposed contract recited that the organizations would agree "to employ no other fund raising or publicity service, nor to conduct, itself or through any other means, any fund-raising or publicity campaigns By Mail, nor to solicit personally or otherwise any donors on mailing lists of the Service (defendant)." In consideration for his services the defendant would receive 75% of all donations, and all costs of the campaign were to be paid by the defendant.

It is the defendant's point that "to constitute the offense of using the mails to defraud, there must have been an intention to injure the person addressed or sought to be reached by defrauding him of something which he already had; and the making of false representations for the purpose of deceiving the persons addressed by raising expectation of gain or advantage which

it was not the intention to fulfill is insufficient", citing Miller v. United States, 7 Cir., 174 F. 35. It is argued that the sole object of the plan was to obtain donations for the charitable organizations—that the defendant did not attempt to obtain any funds from the Church officials approached, and hence there could not have been a scheme to defraud.

But appellant's arguments here all overlook the language of the statute—the scheme need not be one to secure moneys from others, but may be "to defraud, or for obtaining money *or property* by means of false or fraudulent pretenses," etc. Had the defendant's plan gone through, he would have secured from the Church organizations a valuable contract under which he would have been entitled to 75% of all donations received as a result of the contemplated campaign. And he would have taken away from the organizations their right to solicit donations from whom and by whatever means they might please, for a period of 14 years. It is our opinion and we hold that this contract is "property" within the meaning of the statute.

Affirmed.